**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RANDALL KEITH MASHBURN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 05-CV-0316-CVE-FHM** |
| | ) | |
| **RANDY PARKER, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

Before the Court is the petition for a writ of habeas corpus (Dkt. # 1) filed by Petitioner, a state inmate appearing *pro se*. Respondent filed a response (Dkt. # 10). Petitioner filed a reply (Dkt. # 12). For the reasons discussed below, the petition for writ of habeas corpus should be denied.

### *BACKGROUND*

On February 7, 1996, Petitioner pled guilty to an amended charge of Possession of a Controlled Substance (Methamphetamine) With Intent to Distribute in Creek County District Court, Case No. CF-1995-103. The district court judge assessed punishment at twenty (20) years imprisonment with all but the first ten (10) years suspended. On May 29, 1996, the district court judge heard Petitioner's motion for 120 day judicial review. Petitioner's sentence was modified to one year in the Creek County Jail with the remaining nineteen (19) years suspended.

On August 17, 1998, the State moved to revoke Petitioner's suspended sentence based on Petitioner's violations of Rules 1, 5, 8, 10, and 12 of the Rules and Conditions of Probation. The district court held a revocation hearing on August 11, 2003. Petitioner was represented by attorney Jason Serner. At the conclusion of the hearing, the judge determined that the State had met its burden of proof and passed sentencing until September 22, 2003, to allow Petitioner to be assessed for placement in a community sentencing or corrections program.

On October 6, 2003, a sentencing hearing was held.  Attorney Stephen Foster represented Petitioner. At that hearing, the State presented evidence demonstrating that Petitioner was considered a high risk for community supervision and that, since the date of the revocation hearing, he had tested positive for methamphetamine. The trial court judge determined that protection of the public required revocation of Petitioner's suspended sentence. He was sentenced to serve seventeen (17) years in custody of the Department of Corrections.

Petitioner appealed the revocation to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Billy J. Baze, Petitioner presented one proposition of error as follows:

> The district court abused its discretion by revoking seventeen years of appellant's suspended sentence based on matters not alleged in the State's application to revoke.

(Dkt. # 10, Ex. 1). In his appellate brief, Petitioner alleged that the revocation of his suspended sentence did not comport with due process requirements. See Dkt. # 10, Ex. 1 at 5. In a summary opinion, filed June 30, 2004, in Case No. RE 2003-1128, the OCCA found no abuse of discretion and affirmed the district court's revocation of Petitioner's suspended sentence. See Dkt. # 10, Ex. 3. The OCCA did not, however, address Petitioner's due process claim.

On June 8, 2005, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1).  He asserts the same proposition of error raised in his revocation appeal.  Respondent alleges that the OCCA's ruling involved a matter of state law and is not cognizable in this federal habeas action.

*ANALYSIS*

**A. Exhaustion/Evidentiary hearing**

As an initial matter, the Court must determine whether Petitioner meets the exhaustion applicable to habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that Petitioner has exhausted his state remedies by presenting his claim to the OCCA on revocation appeal. Therefore, the Court finds that Petitioner meets the exhaustion requirement under the law.

The Court further finds that an evidentiary hearing is unnecessary as Petitioner has not met his burden of proving entitlement to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000); Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

**B. Petitioner was afforded due process and is not entitled to habeas corpus relief**

In this habeas action, Petitioner alleges, as he did in his revocation appeal before the OCCA, that his suspended sentence was revoked in violation of his right to due process. It is well settled that a defendant facing parole revocation is not entitled to the full panoply of rights he would receive when subject to criminal prosecution. Morrissey v. Brewer, 408 U.S. 471, 481 (1972). Requirements of due process with regard to revocation of a suspended sentence are likewise not as broad as those provided a defendant in a criminal trial. In this context, the Court looks not only to the standard of proof utilized by a state in determining the need to return a state defendant to custody, but also looks to the defendant's opportunity to be heard, the presentation of evidence warranting the reestablishment of custody, and the presence of a neutral and detached decisionmaker. Morrissey, 408 U.S. at 489.

3

The requirements of due process were met in the instant action. Revocation of Petitioner's suspended sentence occurred in the state district court following the presentation of evidence by the state and by Petitioner. At the August 11, 2003, hearing, the State presented evidence through the testimony of Susan Elizabeth Thune, the administrative caseload officer for the Oklahoma Department of Corrections, establishing Petitioner's violations of the terms and conditions of his probation. Petitioner was represented by counsel at that hearing and he was provided the opportunity to be heard. The trial court judge determined, see Dkt. # 11, Trans. at 18, that the State had met it burden of demonstrating by a preponderance of the evidence that Petitioner had violated the Rules and Conditions of Probation, found attached as Exhibit B to Petitioner's Judgment and Sentence, see Dkt. # 10, Ex. 5. See also Robinson v. State, 809 P.2d 1320, 1322 (Okla. Crim. App. 1991) (stating that violations of conditions of suspended sentence need only be shown by a "preponderance" of the evidence (citations omitted)).

At Petitioner's request, the trial court judge delayed sentencing to allow Petitioner to seek entry into a community sentencing program. See Dkt. # 11, Trans. at 19.  As part of the assessment of eligibility for the community sentencing program, Petitioner was required to submit to drug testing. At the sentencing hearing, held October 6, 2003, after the judge had already determined that the State had presented sufficient evidence to revoke Petitioner's suspended sentence, the trial court judge considered the "L.S.I. report" for the purpose of determining whether Petitioner would serve his revoked sentence in a community sentencing program or in a Department of Corrections facility. At the beginning of the sentencing hearing, counsel for Petitioner informed the court that he had read the L.S.I. report and that he was ready to proceed. See Dkt. # 11, Trans. at 20-21. The L.S.I. report included the findings that Petitioner was a high risk for participation in a community sentencing

4

program and that the result of Petitioner's urinalysis was positive for methamphetamine. See Dkt. # 10, Ex. 5 at 3 of 4. Upon consideration of the L.S.I. report, prepared at Petitioner's request, the trial court judge revoked Petitioner's suspended sentence and ordered him to serve seventeen (17) years in the custody of the Department of Corrections. See Dkt. # 11, Trans. at 26. Again, Petitioner was represented by counsel at the sentencing hearing and was provided the opportunity to be heard. Petitioner has presented nothing to suggest that the trial court judge was not a neutral and detached decisionmaker.

The trial court's decision to revoke Petitioner's suspended sentence was reviewed and affirmed by the state appellate court. This procedure goes beyond that established by Morrissey, which merely requires a hearing by an impartial board that need not consist of judicial officers or lawyers. Further, Petitioner's due process rights were not violated by the district court's consideration of matters not alleged in the State's application to revoke. The assessment for placement in the community sentencing program was conducted at Petitioner's request and Petitioner's counsel acknowledged that he had read the report and was ready to proceed. Based on the review of the record, the Court finds that Petitioner has failed to demonstrate that his suspended sentence was revoked in violation of his right to due process. The petition for writ of habeas corpus relief should be denied.

### CONCLUSION

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.      The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

2.      A separate judgment shall be entered in this matter.

        **DATED** this 29th day of September, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT